1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  UNITED STATES OF AMERICA, )
                             )
11              Plaintiff,    )        CASE NO.    CR05-391 RSM
                             )
12        v.                 )
                             )
13                           )        DETENTION ORDER
    CARLOS MIGUEL WATSON,     )
14                           )
                Defendant.   )
15  _____)

16  Offense charged:

17       Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C.,

18       Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

19  Date of Detention Hearing: November 22, 2005.

20       The Court, having conducted a contested detention hearing pursuant to Title 18

21  U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

22  hereafter set forth, finds that no condition or combination of conditions which the defendant

23  can meet will reasonably assure the appearance of the defendant as required and the safety

24  of any other person and the community.   The Government was represented by Ron

25  Friedman and Rich Cohen.  The defendant was represented by Allen Ressler.

26       The Government urges the Court to detain the defendant, citing elements of flight

DETENTION ORDER
PAGE -1-

risk and danger to the community.  According to the Government, the defendant made a futile attempt to flush cocaine down the toilet at the time of his arrest, resulting in the Government's seizure of the drug.  Additionally, numerous firearms, including assault rifles, were found at the defendant's residence along with gang photos and $10,000 dollars U.S. currency.  The Government reported monitored drug activity at a barbershop owned by the defendant.  Lastly, the Government contends that the above-stated reasons provide cause for detention.

The defense asserts that as of September 2005, the Government had yet to determine the role the defendant played in the conspiracy.  The defense offers that defendant co-owns the barbershop, but does not work there.  Furthermore, the defense maintains that the court documents do not place the defendant at the barbershop at any time co-defendant.  Fuhr was present.  The defense stated that the defendant owns a home and two businesses and has close family ties - especially to his son, and is therefore not a flight risk.  Arguing the element of danger to the community, the defense postulates that there is no criminal history suggesting gang activity of the defendant.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)     Nothing in this record satisfactorily rebuts the presumption against release for several reasons:   Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a)     The Court is concerned with the danger the defendant poses to the

DETENTION ORDER
PAGE -2-

community.  Although the defendant had a concealed weapons permit, the Court is troubled by the number and nature of the assault weapons in light of the great quantities of narcotics and money involved in this offense, both of which further underscore the defendant's risk of danger.  Moreover, the defendant has photographs in his home which show an affinity for the 74 Hoover crip members, regardless of whether he is a member.

(3)    Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1)    The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//
//
//

DETENTION ORDER
PAGE -3-

1    (4)    The clerk shall direct copies of this order to counsel for the United

2           States, to counsel for the defendant, to the United States Marshal, and to

3           the United States Pretrial Services Officer.

4    DATED this  23rd day of November, 2005.

5

6

7

8    _____
     MONICA J. BENTON

9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER
PAGE -4-